UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                :

CTEXT IP, LLC,                          :

                        :

               Plaintiff,         :         24-CV-8821 (JMF)

                        :

      -v-                  :     MEMORANDUM OPINION
                        :        AND ORDER

APPLE, INC.,                     :

                        :

               Defendant.      :

                        :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Weighing the relevant factors (and sub-factors), *see, e.g.*, *Fleet Connect Sols. LLC v. Vehicle Tracking Sols., LLC*, No. 25-CV-4453 (NJC) (LGD), 2026 WL 161296, at *2-3 (E.D.N.Y. Jan. 21, 2026), the Court agrees that a stay pending resolution of the U.S. Patent and Trademark Office ("PTO") *Ex Parte* Reexaminations ("EPRs") is warranted, substantially for the reasons set forth in Apple's memorandum of law. *See* ECF No. 70. That said, and substantially for the reasons set forth in CText's memorandum of law, *see* ECF No. 75, at 3-6, 10-13, the stay is contingent on (1) Apple disclosing a comprehensive list of the prior art that it has located thus far on or before March 26, 2026; and (2) Apple agreeing to forego any further review of, or challenges to the validity of, the patent clams at issue before the PTO. For avoidance of doubt: This second condition does *not* apply to further review of, or challenges to the validity of, new or amended claims that emerge from the EPRs (although in the event that there are any such challenges, the Court is unlikely to stay this litigation further). Apple shall file any objection to these conditions no later than **March 17, 2026**; barring an objection by that date, Apple will be deemed to have consented to these two conditions.

2

Accordingly, unless and until the Court orders otherwise, the case is stayed pending resolution of the pending EPR (including any appeals therefrom).  The parties shall promptly notify the Court of any material developments, including any decision by the PTO in the EPRs. There being no reason to keep the case open pending resolution of the EPRs, the Clerk of Court is directed to (1) terminate ECF No. 69 and (2) administratively close the case without prejudice to a motion to reopen the case within **thirty days of the resolution of the pending EPRs (including any appeals therefrom)**.  To be clear, any application to reopen **must** be filed **by the aforementioned deadline**; any application to reopen filed thereafter may be denied solely on that basis.

SO ORDERED.

Dated: March 13, 2026
       New York, New York

_____
JESSE M. FURMAN
United States District Judge